UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERACODE, INC., a Delaware corporation, and ROVI SOLUTIONS CORPORATION, a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPTHORITY, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 12-10487<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Veracode, Inc. and Rovi Solutions Corporation file this Complaint for patent infringement against Defendant Appthority, Inc. Because of such patent infringement, Plaintiffs have been damaged and irrevocably harmed, and seek compensatory and exemplary damages, and an injunction prohibiting Defendant from making, using, selling, offering to sell, and importing into the United States its infringing products and services, including but not limited to the Appthority Platform™.

**PARTIES**

1. Plaintiff Veracode, Inc. ("Veracode") is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 4 Van de Graaff Drive, Burlington, Massachusetts 01803.

2. Veracode is a provider of application intelligence and security verification services. Veracode provides the world's leading Application Risk Management Platform.

3. Plaintiff Rovi Solutions Corporation ("Rovi") is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 2830 De

1

La Cruz Boulevard, Santa Clara, California 95050.

4. On information and belief, Defendant Appthority, Inc. ("Defendant" or "Appthority") is a corporation organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including in this judicial district, and has its principal place of business at 1200 Seaport Boulevard, Redwood City, California 94063.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281-285. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

6. Venue is proper in the United States District Court for the District of Massachusetts, pursuant to at least 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

7. This Court has personal jurisdiction over Defendant for reasons including that, on information and belief, Defendant regularly does business and sells infringing products to customers, including technology partners, in Massachusetts, both directly and indirectly, and such sales constitute continuous and systematic contacts with Massachusetts.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 5,854,924)

8. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 7 above as though set forth fully herein.

9. On December 29, 1998, United States Patent No. 5,854,924 ("the '924 patent") entitled "Static Debugging Tool and Method" was duly and legally issued. A true and correct copy of the '924 patent is attached hereto as Exhibit A.

10. Rovi is the lawful owner of the '924 patent, by assignment.

3

11. Rovi has licensed all of its substantial rights in the '924 patent exclusively to Veracode.

12. Veracode has the exclusive right and license to manufacture, use, sell, offer for sale, and import the technology covered by the '924 patent, as well as the sole and exclusive right to enforce the patent against infringers and to recover damages resulting therefrom.

13. Defendant's application security solution products, including but not limited to the "Appthority Platform," use, incorporate, and embody the inventions claimed in the '924 patent, and are covered by one or more claims of the '924 patent. Consequently, the manufacture, use, offer for sale, sale, and/or importation of Defendant's products and/or services constitute direct infringement of the '924 patent literally, or under the doctrine of equivalents.

14. On information and belief, Defendant has made, used, offered for sale, and/or sold its application security solution products in the United States and in this district. They have therefore directly infringed the '924 patent in violation of 35 U.S.C. § 271(a).

15. On information and belief, Defendant has actively induced, and is actively inducing, the infringement of the '924 patent by its customers. Defendant had actual or constructive knowledge of the '924 patent, encouraged and instructed its customers to use its Appthority Platform™, and knew or should have known that such use would directly infringe the '924 patent. Upon information and belief, Defendant had and has a specific and actual intent to cause this direct infringement.

16. On information and belief, Defendant has contributed to and is contributing to the infringement of the '924 patent by customers. Defendant offers to sell and sells its Appthority Platform™ that it knows is especially made or especially adapted for use in infringing the '924 patent. For example, Defendant has offered for sale and sold its Appthority Platform™ which is

in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the application security solution products in whole, or in part, as a component of (and/or for use in practicing) the invention claimed in the '924 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '924 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

17. On information and belief, Defendant had actual or constructive knowledge of the '924 patent at the time infringement of the claims of the '924 patent began. Despite being aware of the '924 patent, Defendant has continued its acts of infringement of the '924 patent.

18. On information and belief, Defendant has willfully undertaken and carried out its infringing activities with knowledge of the '924 patent and in total disregard of Plaintiffs' rights in, to, and under the '924 patent. For example, upon information and belief, Defendant knew that there was and is an objectively high likelihood that its actions would infringement of the '924 patent, but it nevertheless has proceeded with such actions and infringed the '924 patent.

19. Defendant's infringing activities have damaged Plaintiffs and, unless enjoined, will continue to cause it irreparable harm for which it has no adequate remedy of law.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 7,752,609)

20. Veracode incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. On July 6, 2010, United States Patent No. 7,752,609 ("the '609 patent") entitled "Software Analysis Framework" was duly and legally issued. A copy of the '609 patent is attached hereto as Exhibit B.

22. Veracode is the lawful owner of all right, title, and interest in, and to, the '609

patent, including the right to bring this suit for injunctive relief and damages.

23. Defendant's application security solution products, including but not limited to the Appthority Platform, use, incorporate, and embody the inventions claimed in the '609 patent, and are covered by one or more claims of the '609 patent. Consequently, the manufacture, use, offer for sale, sale, and/or importation of Defendant's products and/or services constitute direct infringement of the '609 patent literally, or under the doctrine of equivalents.

24. On information and belief, Defendant has made, used, offered for sale, and/or sold its application security solution products in the United States and in this district. It has therefore directly infringed the '609 patent in violation of 35 U.S.C. § 271(a).

25. On information and belief, Defendant has actively induced, and is actively inducing, the infringement of the '609 patent by customers. Defendant had actual or constructive knowledge of the '609 patent, encouraged and instructed its customers to use its Appthority Platform™, and knew or should have known that such use would directly infringe the '609 patent. Upon information and belief, Defendant had and has a specific and actual intent to cause this direct infringement.

26. On information and belief, Defendant has contributed to and is contributing to the infringement of the '609 patent by its customers. Defendant offers to sell and sells its Appthority Platform™ that it knows is especially made or especially adapted for use in infringing the '609 patent. For example, Defendant has offered for sale and sold its Appthority Platform™ which is in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the application security solution products in whole, or in part, as a component of (and/or for use in practicing) the invention claimed in the '609 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '609 patent, and not a staple article or commodity of

commerce suitable for substantial noninfringing use.

27. On information and belief, Defendant had actual or constructive knowledge of the '609 patent at the time infringement of the claims of the '609 patent began. Despite being aware of the '609 patent, Defendant has continued its acts of infringement of the '609 patent.

28. On information and belief, Defendant has willfully undertaken and carried out its infringing activities with knowledge of the '609 patent and in total disregard of Veracode's rights under the '609 patent. For example, upon information and belief, Defendant knew that there was and is an objectively high likelihood that its actions constitute infringement of the '609 patent, but it nevertheless has proceeded with such actions and infringed the '609 patent.

29. Defendant's infringing activities have damaged Veracode and, unless enjoined, will continue to cause it irreparable harm for which it has no adequate remedy of law.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Adjudging that Appthority has directly infringed, contributorily infringed, and/or actively induced infringement of the '924 patent;

B. Adjudging that Appthority's infringement of the '924 patent has been willful;

C. Declaring and adjudging that Appthority's past and present manufacture, use, sale, importations, and/or offer for sale of the Appthority Platform™ constitute direct infringement, contributory infringement, and/or inducement of infringement of the '924 patent;

D. Declaring and adjudging that a permanent injunction issue against Defendant Appthority enjoining Appthority, and all persons in active concert or participation with

6

Appthority with notice of the injunction, from making, using, selling, or offering for sale in the United States any products found to infringe the '924 patent, and from undertaking any processes found to infringe the '924 patent, including but not limited to the Appthority Platform™;

E.  Awarding Plaintiffs damages adequate to compensate them for infringement of the '924 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

F.  Adjudging that Appthority has directly infringed, contributorily infringed, and/or actively induced infringement of the '609 patent;

G.  Adjudging that Appthority's infringement of the '609 patent has been willful;

H.  Declaring and adjudging that Appthority's past and present manufacture, use, sale, importations, and/or offer for sale of the Appthority Platform™ constitute direct infringement, contributory infringement, and/or inducement of infringement of the '609 patent;

I.  Declaring and adjudging that a permanent injunction issue against Defendant Appthority enjoining Appthority, and all persons in active concert or participation with Appthority with notice of the injunction, from making, using, selling, or offering for sale in the United States any products found to infringe the '609 patent, and from undertaking any processes found to infringe the '609 patent, including but not limited to the Appthority Platform™;

J.  Awarding Veracode damages adequate to compensate it for infringement of the '609 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

K.  Adjudging that this case is exceptional under 35 U.S.C. § 285, and that Plaintiffs are entitled to an award of attorney's fees and its costs and expenses in the prosecution of its action; and

L. Awarding Plaintiffs such other costs and further relief as the Court may deem proper and just.

Respectfully submitted,

Plaintiffs Veracode, Inc. and Rovi Solutions Corporation

By their attorney,

/s/  Douglas J. Kline
Douglas J. Kline (BBO # 556680)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231
E-Mail: dkline@goodwinprocter.com

Dated: March 16, 2012