```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


VERACODE, INC.,                    )
a Delaware Corporation, and        )
ROVI SOLUTIONS CORPORATION,        )
a Delaware Corporation,            )
                                   )
          Plaintiffs,              )
                                   )   CIVIL ACTION NO.
     v.                            )   12-10487-DPW
                                   )
APPTHORITY, INC.,                  )
a Delaware Corporation,            )
                                   )
          Defendant.               )
```

## FINAL JUDGMENT
## AND
## PERMANENT INJUNCTION

September 30, 2015

In accordance with the Jury Verdicts returned on August 22 and 26, 2014, and with this Court's Memorandum and Order of September 30, 2015, it is hereby ORDERED, ADJUDGED AND DECREED:

**Judgment for the Defendant against the Plaintiffs as to infringement of Claims 1, 13, and 14 of the '609 Patent Claim 17 of the '924 Patent, and**

**Judgment for the Plaintiffs against the Defendant as to infringement of Claims 1 and 5 of the '924 Patent, in the amount of $781,857, together with prejudgment interest in the amount of $332,621.47, and post-judgment interest hereafter in accordance with 28 U.S.C. § 1961, and it is**

**FURTHER ORDERED:**

That Defendant Appthority, its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or participation with them, are permanently enjoined from directly or indirectly making, using, offering to sell, or selling within the United States or importing into the United States any of the following products and/or installation, implementation, design, configuration, consulting, upgrade, maintenance and support and training and other related and associated services and any colorable variations thereof (the "Infringing Products and Services"):

(1) the Appthority Platform, when it includes the capability to statically analyze a representation of a binary program file (such as, but not limited to, smali files and otool output files, *i.e.*, intermediate files) to detect the presence of program errors or potential program errors; and

(2) an output arrangement that outputs an error list, report, or the like of any errors or potential errors detected by the Appthority Platform through the static analysis of a representation of a binary program file as set forth in paragraph (1) above, including, but not limited to, any such output arrangement that outputs errors or potential errors stored in any database that is or has been created though use of

the Appthority Platform's static analysis of a representation of a binary program file as set forth in paragraph (1) above.

Notwithstanding these provisions, Appthority is permitted to use, offer to sell, or sell those output arrangements that were generated by the Appthority Platform prior to March 31, 2014.

For the purposes of this injunctive decree, a "program error or potential program error" is "the result of an invalid or impossible maneuver." The result of a maneuver that is invalid or impossible solely because of an individual user's subjective preference settings is not considered a "program error or potential program error" for these purposes; and it is

**FURTHER ORDERED:**

That Appthority is enjoined from:

(1) Circulating, publishing or disseminating within the United States any literature or information that encourages the use, sale or importation of any of the Infringing Products and Services; and

(2) aiding and abetting, actively inducing, or in any way contributing to the making, use, sale or importation of any of the Infringing Products and Services within the United States. This injunction extends to the provision of any instruction, encouragement, installation, implementation, maintenance or

support for any of the Infringing Products and Services, and it is

**FURTHER ORDERED:**

That Appthority, its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or participation with them, are required to notify all customers who have purchased the Infringing Products and Services of the terms of this Order, and to provide said customers with a copy of this Order, and it is

**FURTHER ORDERED:**

That this injunction shall remain in effect until August 8, 2016, the expiration date of United States Patent No. 5,854,924, pending further order of this court.

>                                    */s/ Douglas P. Woodlock*
>                                    DOUGLAS P. WOODLOCK
>                                    UNITED STATES DISTRICT JUDGE